1064

BLAND ISENBARGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19603.   Promulgated June 14, 1949.

*Frank H. Towsley, Esq.*, for the petitioner.
*Michael Waris, Jr., Esq.*, for the respondent.

**OPINION.**

ARUNDELL, *Judge*: This proceeding involves the treatment to be accorded a foreign tax credit to which the petitioner was entitled in 1942 in computing his tax liability for 1943 under the provisions of section 6 of the Current Tax Payment Act of 1943.

The Current Tax Payment Act of 1943 introduced in the Federal tax system the pay-as-you-go method of paying individual income taxes, which replaced the then existing system under which a taxpayer did not pay his tax until the year following the earning of his income. To alleviate the burden of paying the tax for two years in one year, which would have ordinarily resulted from the change, Congress incorporated in section 6 of the act the so-called "forgiveness features." Generally speaking, subsections (a) and (b) of section 6 pro-

vide that taxpayer's tax liability for 1943 shall consist of the tax imposed either for 1942 or 1943, whichever is larger, plus 25 per cent of the tax for the lesser year or the excess of such tax over $50, whichever is lesser. These provisions, in effect, serve to forgive 75 per cent of the tax liability for the lesser year.

The respondent, in accordance with section 36.6 of the regulations promulgated under the act (T. D. 5300, 1943 C. B. 43, 58 [1]) computed petitioner's income tax liability for 1942, which was the year in which petitioner's tax liability was lower, and against that liability applied the foreign tax credit of $808.81. Respondent then added 25 per cent of the remaining tax so computed for 1942 to petitioner's 1943 income and victory tax liability.

Petitioner challenges the respondent's determination herein by pointing out that section 6 (a) of the code [2] expressly excludes three considerations in determining the tax for 1942, namely, section 6 of the Current Tax Payment Act, interest and additions, and credits against the tax for amounts withheld at source. Petitioner argues that the $808.81 representing the foreign tax credit in controversy was withheld at the source and that the act does not distinguish between a domestic and foreign source. On the basis of this reasoning, he contends that his 1942 tax liability should be computed "without regard" to the foreign tax credit and that 25 per cent of the resulting tax so computed should be added to his income and victory tax for 1943 and the whole of the foreign tax credit for 1942 should be applied against the amount of tax finally determined for 1943. Petitioner's

---

[1] SEC. 36.6. CREDIT FOR FOREIGN TAX AND APPLICATION OF SECTIONS 105, 106, AND 107 OF THE INTERNAL REVENUE CODE.—(a) *Foreign tax credit.*—The credit for foreign taxes allowed by section 31 of the Internal Revenue Code shall be applied to the tax of each of the taxable years 1942 and 1943 before making the computations required by subsections (a), (b), and (c) of section 6. For example, in any case in which the taxpayer's tax for the year 1942 is not greater than the tax for 1943, in determining the amount of 25 per cent of the tax for the taxable year 1942 by which the tax for the taxable year 1943 is to be increased under section 6, the credit for foreign tax, if any, is to be computed upon and applied to the tax for 1942 without regard to section 6. Where section 143 of the Internal Revenue Code is not involved, if the tax imposed for the taxable year 1942 before the application of the credit for foreign tax is $1,000 and the foreign tax properly applicable thereto is $280, leaving the net tax to be discharged for the taxable year 1942 as $720, the amount of increase in the tax for 1943 under section 6 (a) is 25 per cent of $720, or $180.

[2] SEC. 6. RELIEF FROM DOUBLE PAYMENTS IN 1943.

(a) TAX FOR 1942 NOT GREATER THAN TAX FOR 1943.—In case the tax imposed by Chapter 1 of the Internal Revenue Code upon any individual * * * for the taxable year 1942 (*determined without regard to this section, without regard to interest or additions to the tax, and without regard to credits against the tax for amounts withheld at source*) is not greater than the tax for the taxable year 1943 (similarly determined), the liability of such individual for the tax imposed by such chapter for the taxable year 1942 shall be discharged as of September 1, 1943 * * *. In such case if the tax for the taxable year 1942 (determined without regard to this section and without regard to interest or additions to the tax) is more than $50, the tax under such chapter for the taxable year 1943 shall be increased by an amount equal to 25 per centum of the tax for the taxable year 1942 (so determined) or the excess of such tax (so determined) over $50, whichever is the lesser. [Italics supplied.]

method results in a deficiency for 1943 in the amount of $302.20 as compared with $908.81 as determined by the respondent in the notice of deficiency.

Petitioner's interpretation, in our opinion, finds no support in the act. Section 36.2[3] of the regulations set out in I. T. 5300, *supra*, does not treat the foreign tax credit as a credit for tax withheld at the source, but expressly provides that a taxpayer's tax liability for 1942 will be computed "with regard to the foreign tax credit, if any." On the other hand, the regulations treat as credits for tax "withheld at the source" those credits which arise under the provisions of sections 143, 466, and 1622 of the Internal Revenue Code. They also prescribe the method for the application of such credits against the tax liability either for 1942 or 1943 where such credits have been disregarded in the computation of the tax liability for 1942 for the purpose of determining in which year the tax is greater. Petitioner has presented nothing to controvert respondent's interpretation, but relies upon the fact that the act itself spells out no distinction between taxes withheld at a domestic and a foreign source as evidence of the invalidity of the regulations. With this line of reasoning we do not agree.

It is apparent that there exists a fundamental and valid distinction between a foreign tax credit under section 131 and a credit for tax withheld at the source as construed by the respondent to mean credits for taxes withheld at the source under sections 143, 466, and 1622. The latter credits represent taxes paid which are already in the hands of the United States. The foreign tax credit, on the other hand, represents taxes paid to a foreign government, not to the United States, and by virtue of section 131 such amounts serve to reduce by way of a credit the ultimate tax owing to the United States in respect to the petitioner's income for 1942. As the forgiveness features of the

---

[3] SEC. 36.2. INCREASE IN THE TAX FOR 1943.—(*a*) *Where tax for 1942 not greater than that for 1943.*—There are two situations in which, without reference to the base year, the tax otherwise computed for the taxable year 1943 may be increased by reference to the tax for the year 1942: (1) the case in which the tax for 1942 is equal to or less than that for 1943; and (2) the case in which the tax for 1942 is greater than that for 1943. *For the purposes of determining which of these situations exists in the case of any given taxpayer, the amount of the income tax for the taxable year 1942 is compared with the income tax (including the victory tax) for 1943, the tax for each year being the tax determined without regard to section 6, interest or additions to the tax, or tax withheld at the source under sections 143, 466, or 1622 of the Internal Revenue Code, but with regard to the foreign tax credit, if any.* If the tax thus computed for the taxable year 1942 is not in excess of that similarly computed for 1943, the addition to the tax for 1943 is determined as provided in subsection (*a*) of section 6 and these regulations.

*If the tax for the taxable year 1942, computed as above described, is not in excess of the tax for 1943, so computed, the next step in the process of applying subsection (a) of section 6 is to apply as a credit against the tax for 1942 the tax, if any, withheld at the source under section 143 of the Internal Revenue Code. The next step is to similarly reduce the tax for 1943 by the amount of any like credits allowable for that year.* * * *
[Italics supplied.]

act on the facts here present apply only to the 1942 tax owing to the United States, it is in our opinion proper that the foreign tax credit be excluded in the manner prescribed by the regulations and followed by the respondent herein.

The method petitioner proposes would also necessitate our holding that under the act a taxpayer might claim credits for taxes paid foreign governments in a year other than the year in which he was entitled to take them under the provisions of the Internal Revenue Code. As pointed out by the Court of Appeals for the First Circuit in *Bartlett* v. *Delaney*, 173 Fed. (2d) 535, the tax liability for each year must be separately computed. In that opinion the court stated:

* * * The taxpayers are in error in their suggestion that the effect of the Current Tax Payment Act of 1943 was to telescope the years 1942 and 1943 into a single accounting period. That Act prescribed that the total 1943 tax of these taxpayers should consist of two distinct components: (1) the 1943 tax as ordinarily computed, and (2) 25 per cent of the 1942 tax as ordinarily computed. It is clear from the terms of the Act that the tax liabilities for 1942 and 1943 must first be computed separately without reference to the special provisions of the Current Tax Payment Act; and then that Act operates in effect to forgive 75 per cent of the lesser liability. The tax for each year must be computed in accordance with the usual rules for determining liability for the particular tax accounting period.

Petitioner further contends that the foreign tax credit of $808.81 for 1942 constitutes a payment within the meaning of section 6 (f) of the Current Tax Payment Act, which reads in part as follows:

(f) *Treatment of Payments on Account of 1942 Tax.*—Any payment (other than interest and additions to the tax) made on account of the tax imposed by Chapter 1 of the Internal Revenue Code for the taxable year 1942 upon a taxpayer whose liability for such tax is discharged under subsection (a) or (b) shall be considered as payment on account of the estimated tax for the taxable year 1943.

The language of subsection (f) clearly has no application to the present case, as the $808.81 credit in controversy does not represent any payment made by the petitioner to the United States.

The respondent has computed petitioner's tax liability for 1943 by a method which complies with the regulations promulgated under the act. We are unable to find any supporting authority for petitioner's contention that these regulations are invalid as contrary to the intent and purpose of the act and, therefore, we conclude that the deficiency as determined by the respondent herein must be sustained.

*Decision will be entered for the respondent.*